(173 App. Div. 319)
### AMERICAN & BRITISH MFG. CO. v. INTERNATIONAL POWER CO.
### (SADLER, Intervener).

(Supreme Court, Appellate Division, First Department.   June 16, 1916.)

1. CORPORATIONS ☞687—RECEIVERS—FOREIGN AND ANCILLARY APPOINT-
    MENTS—POWER TO HOLD PROPERTY.
       A New York receiver of an insolvent New Jersey corporation cannot,
    for the sole benefit of New York creditors, hold property of the cor-
    poration, stock in another company, against the domiciliary New Jersey
    receiver for the insolvent corporation.
       [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2669, 2670;
    Dec. Dig. ☞687.]

2. CONSTITUTIONAL LAW ☞207(5)—CORPORATIONS—EQUALITY AMONG CREDI-
    TORS.
       The Constitution of the United States requires equality among creditors
    in the distribution of the assets of an insolvent corporation.
       [Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. § 625;
    Dec. Dig. ☞207(5).]

3. CORPORATIONS ☞687—FOREIGN AND DOMESTIC RECEIVERS—COMITY.
       A rule of comity has arisen between the different states, whereby the
    domiciliary receiver of an insolvent corporation, with title to its assets,
    is given a primary right thereto, and the receivers in states foreign to the
    home of the corporation are given only such power as may be necessary
    to secure to the creditors in their respective states a just distribution
    of the assets of the corporation.
       [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2669, 2670;
    Dec. Dig. ☞687.]

4. CORPORATIONS ☞687—FOREIGN AND DOMESTIC RECEIVERS—CONTROL OF
    STOCK.
       As between the domiciliary receiver for an insolvent New Jersey cor-
    poration and the New York receiver, stock in a New York corporation,
    belonging to the insolvent New Jersey corporation, will be allowed to
    remain in the hands of the New York receiver, though under the rule of
    comity relating to receiverships the New York courts might compel the
    New York receiver to transfer the stock to the New Jersey receiver upon
    the latter's giving bond to pay the New York creditors their just share in
    the distribution of assets; but under the rule of comity the control of
    the insolvent New Jersey corporation and of its assets, including its con-
    trolling interest in the New York corporation, through its ownership of
    stock therein, will be vested in the domiciliary New Jersey receiver, who
    may vote the stock to continue the New York company's directorate.
       [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2669, 2670;
    Dec. Dig. ☞687.]

5. CORPORATIONS ☞687—FOREIGN AND DOMESTIC RECEIVERS—DISCRETION OF
    DOMICILIARY RECEIVER.
       In an action by a New York corporation against an insolvent New
    Jersey corporation, wherein such corporation's domiciliary receiver seeks
    to secure from its New York receiver control of stock in the New York
    corporation, which forms the chief property of the insolvent, so as to vote
    it to continue the directorate, the question of the advisability of such con-
    tinuation should be left to the domiciliary receiver under the direction
    of the New Jersey court, and the good faith and competency of the
    domiciliary receiver will not be questioned, though, if necessary to the
    protection of the New York creditors, a bond could be required.
       [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2669, 2670;
    Dec. Dig. ☞687.]

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from Special Term, New York County.

Action by the American & British Manufacturing Company against the International Power Company, in which Wilbur F. Sadler, Jr., as receiver of the International Power Company, intervened. From an order denying the intervener's motion, first, to intervene and become a formal party to the action; second, to revoke instructions given to Charles H. Ridder, as New York receiver of the International Power Company, with respect to voting the stock of the American & British Manufacturing Company in his name as receiver; and, third, permitting Sadler, as receiver, to renew his application that Ridder, as receiver, be instructed to give him a proxy upon all stock of the American & British Manufacturing Company in such company held by Ridder, as receiver, and also from an order, first, directing Ridder, as receiver, to affix stock transfer tax stamps under the Stock Transfer Tax Law, and, second, directing Ridder, as receiver of the International Power Company, to vote the stock of the American & British Manufacturing Company held in his name as receiver, for the re-election of the directors of the corporation at the annual meeting of the stockholders thereof, the intervener appeals. First order reversed, and motion granted; and second order reversed in part.

Appeal from an order of the Special Term denying a motion made by Wilbur F. Sadler, Jr., as receiver of the International Power Company: (1) To intervene and become a formal party to the action. (2) Revoking instructions heretofore given to Charles H. Ridder, as New York receiver of the International Power Company, with respect to voting the stock of the American & British Manufacturing Company now in his name as such receiver, which instructions were contained in an order of January 12, 1916. (3) Permitting the appellant, as receiver, to renew his application that the said Charles H. Ridder, as receiver, be instructed to give him a proxy upon all stock of the American & British Manufacturing Company in the said American & British Manufacturing Company held by the said Charles H. Ridder, as receiver.

Appeal from an order: (1) Directing Charles H. Ridder, as receiver, to affix certain stock transfer tax stamps under the Stock Transfer Tax Law. (2) Directing the said Charles H. Ridder, as receiver of the International Power Company, to vote the stock of the American & British Manufacturing Company, held in his name as receiver, for the re-election of the present directors of the corporation at the annual meeting of the stockholders thereof.

Argued before CLARKE, P. J., and SCOTT, DOWLING, SMITH, and PAGE, JJ.

Henry W. Jessup, of New York City, for appellant.
Ralph Polk Buell, of New York City, for respondent.
John E. Donnelly, of New York City, for domestic receiver.

SMITH, J.   Upon the 11th day of December, 1914, the International Power Company, a corporation organized under the laws of the state of New Jersey, was declared insolvent by the Chancery Court of New Jersey, and its assets were vested in the appellant, Sadler, as the receiver thereof.   Thereafter, and in May, 1915, one Charles H. Ridder was appointed receiver of the assets of said corporation within this state, for the benefit of the New York creditors.   A large part of the assets of said International Power Company consisted in the stock of the American & British Manufacturing Company, a corpora-

tion organized under the laws of the state of New York. The New Jersey receiver first moved in this court to compel the New York receiver to turn over to him as domiciliary receiver the said stock, that he might vote the same and control the said corporation. This motion was denied, and upon appeal this court affirmed the order denying the same. Thereafter the said Ridder, as the New York receiver, made application to the court for instructions as to how the said stock should be voted, and the order of the court made upon the said motion directed him to vote the stock for the re-election of the present directors. This part of the order thus made is questioned in the second appeal here considered. Sadler, as the domiciliary receiver, upon new affidavits moved (1) to be allowed to intervene in this action, in which the said Ridder was appointed the New York receiver; (2) to revoke the direction of said Ridder to vote the said stock for the re-election of the present directors; and (3) permitting the said Sadler, as receiver, to renew his application for a direction to the said Ridder to give to him a proxy for the voting of said stock. This motion was denied. Upon these two appeals, then, by Sadler, the domiciliary receiver, the question is fairly presented as to whether the domiciliary receiver, with title to this stock, shall be allowed to vote the same, and thus control the corporation, or whether the control of the corporation shall be given to the New York receiver through the instructions given to him to vote the stock for the re-election of the present directors of the corporation.

[1-5] In the view that I take of this case it is unnecessary to decide whether the domiciliary receiver, with title to this stock, is entitled as a matter of law to vote the same under section 23 of the General Corporation Law (Consol. Laws, c. 23). The New York receiver cannot hold this property for the exclusive benefit of the New York creditors. It will be an unseemly administration of the law in different states if the receivers appointed in those different states were to contend for the possession of the assets for distribution among the creditors existing in their respective states, and, furthermore, the Constitution of the United States requires equality in the distribution of the assets. Blake v. McClung, 172 U. S. 239, 19 Sup. Ct. 165, 43 L. Ed. 432; People v. Granite State Provident Association, 161 N. Y. 492, 55 N. E. 1053. Moreover, as these questions have arisen presenting apparent conflict between receivers of the different states, a comity has arisen recognized by the courts, whereby the receiver of the home state, with title to the assets, is given a primary right, and the receivers in states foreign to the home of the corporation are given only such power as may be necessary to secure to the creditors in their respective states a just distribution of the assets of the corporation. See People v. Granite State Provident Association, 41 App. Div. 266, 267, 58 N. Y. Supp. 510, where the respective rights of the domiciliary receiver and the receiver in other states is considered. See, also, Sands v. E. S. Greeley & Co., 88 Fed. 130, 31 C. C. A. 424. Under this rule of comity our courts might well have compelled the New York receiver to transfer to the appellant this stock upon the giving by the appellant of a bond to pay to the New York creditors their just

share in the distribution of the assets. On the other hand, as the plaintiff is a domestic corporation, the court has deemed it wiser that the possession of the stock should remain in the New York receiver. It was not decided, however, upon the motion to transfer the stock to the appellant, that the New York receiver should have full power to control the corporation, and thus practically to take out of the hands of the domiciliary receiver the closing up of the insolvent corporation. By the rule of comity adopted every power should be given to the domiciliary receiver, subject to instruction from the Chancery Court of that state, except such power as is necessary for the protection of the New York creditors. Within this rule of law the control of the insolvent corporation and of its assets, including its controlling interest in the plaintiff corporation, should vest in the home receiver. Affidavits are presented for and against the advisability of the continuation of the present directors. To my mind, however, that question is one which should be left to the domiciliary receiver, under the direction of the domiciliary court, and our courts, looking only to the securing of New York creditors of their fair share in the distribution, should not take upon themselves the responsibility of such a determination. It will not be presumed that the management is to be so far changed as will interfere with present contracts, or as in any way to obstruct the progress of the work. The good faith and the competency of the domiciliary receiver will not here be questioned. If necessary to the protection of New York creditors, a bond could be required, as suggested by Justice Cullen in People v. Granite State Provident Association, 41 App. Div. 257, 58 N. Y. Supp. 510. No facts are here presented, however, which suggest the necessity of such a bond, and the first order appealed from should be reversed, the appellant, as receiver, made a party to this action, and the New York receiver directed to give to him a proxy to vote the stock of the plaintiff corporation at the next meeting for the election of directors, and the second order, giving instruction to the New York receiver as to the voting of said stock, should be reversed, with $10 costs and disbursements.

Order entered March 30, 1916, reversed, with $10 costs and disbursements, and motion granted to allow Wilbur F. Sadler, Jr., as receiver of the International Power Company, to intervene and become a formal party to the above entitled action, also instructing the said Charles H. Ridder, as receiver, to give to Wilbur F. Sadler, Jr., as receiver, a proxy upon all stock of the American & British Manufacturing Company held by Charles H. Ridder, as receiver, to vote upon the same at any meeting of the stockholders that may be held, with $10 costs upon such motion.

Order entered January 12, 1916, appealed from, reversed, so far as said order gives instruction to Charles H. Ridder to vote the stock of the American & British Manufacturing Company upon the re-election of directors of the corporation, and in other respects affirmed, with $10 costs and disbursements to the appellant. All concur.